UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO D. WOODLEY,<br><br>        Petitioner,<br><br>  v.<br><br>HECTOR A. RIOS, JR.,<br><br>        Respondent. | 1:11-cv-02132-LJO-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 (Doc. 1)<br><br>FINDINGS AND RECOMMENDATIONS TO CLOSE THE CASE AND TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY |

**OBJECTIONS DEADLINE:
THIRTY (30) DAYS**

Petitioner is a federal prisoner proceeding pro se and in forma pauperis in a habeas corpus action pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on December 27, 2011.

I.  Screening the Petition

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v.

1

Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II.  Background

Here, Petitioner alleges that he is an inmate of the United States Penitentiary at Atwater (USPA) serving a sentence of 210 months imposed in January 2011 in the United States District Court in Savannah, Georgia, pursuant to Petitioner's convictions of conspiracy to possess a controlled substance with intent to distribute and of unlawful use of a communication facility. (Pet. 1-2.)

Petitioner challenges his conviction on the ground that he suffered a violation of his rights to a speedy trial under the Constitution and federal statutory law.

Petitioner states that he raised his claims in a previous petition brought pursuant to 28 U.S.C. § 2241.[1]

III.  Legal Standards

A federal prisoner who wishes to challenge his conviction or sentence on the grounds it was imposed in violation of the Constitution or laws of the United States or was otherwise subject to collateral attack must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  28 U.S.C. § 2255; Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  In such cases, the motion must be filed in the district where the defendant was sentenced because only the sentencing

---

[1] The Court takes judicial notice of its docket, which reflects that Petitioner filed a petition pursuant to § 2241 that was dismissed for lack of jurisdiction on October 11, 2011, in Antonio D. Woodley v. Hector A. Rios, case number 1:11-cv-01336-LJO-SMS-HC; further, a notice of appeal was filed. The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

3

court has jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). Although there is little guidance on when § 2255 is an inadequate or ineffective remedy, in the Ninth Circuit it is recognized that the exception is narrow. Id; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (noting that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a petition for writ

4

of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy under § 2255 is inadequate or ineffective.  <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).  If a petitioner proceeding pursuant to § 2241 fails to meet his burden to demonstrate that the § 2255 remedy is inadequate or ineffective, then the § 2241 petition will be dismissed for lack of jurisdiction.  <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1061 (9th Cir. 2003).

Although authority in this circuit is limited, it is recognized that the § 2255 remedy is inadequate and ineffective, and thus a petition pursuant to § 2241 is available, when the petitioner 1) claims to be factually innocent of the crime for which he has been convicted, and 2) has never had an "unobstructed procedural shot" at presenting the claim.  <u>Harrison v. Ollison</u>, 519 F.3d 952, 959 (9th Cir. 2008); <u>Stephens v. Herrera</u>, 464 F.3d 895, 898 (9th Cir. 2006).  To determine whether a petitioner had an unobstructed procedural shot at presenting his claim, a court considers whether the petitioner's claim did not become available until after a federal court decision by considering in turn whether 1) the legal basis for the petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion, and 2) the law changed in any way relevant to the claim after the first § 2255 motion.  <u>Harrison v. Ollison</u>, 519 F.3d at 960.  In this circuit, a claim of actual innocence for purposes of the "escape hatch" of § 2255 is assessed by the test stated in <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998), which in turn requires that the petitioner

5

1 demonstrate that in light of all the evidence, it is more likely
2 than not that no reasonable juror would have convicted him.
3 Stephens, 464 F.3d at 898.

    IV.  Analysis

In this case, Petitioner challenges the judgment of conviction. Because Petitioner is alleging errors in his conviction, and not errors in the administration of his sentence, the Court concludes that Petitioner is not entitled to relief under § 2241.

Petitioner argues that § 2255 is inadequate and ineffective because 1) Petitioner suffered egregious violations of his constitutional rights, and 2) Petitioner is actually innocent of the crimes of which he was convicted. (Pet. 7-8.) Petitioner alleges that he is filing for relief pursuant to § 2241 instead of § 2255 because the purpose of a proceeding pursuant to § 2241 is to test the legality of the restraint of his liberty. (Id. at 9.)

Although relief under § 2241 may be warranted where a petitioner has suffered a violation of his constitutional rights, the Court is unaware of any authority that would hold that the mere presence of a constitutional violation is a basis for a finding that the remedy pursuant to § 2255 is inadequate or ineffective.

Insofar as Petitioner argues that he is actually innocent of the crimes of which he was convicted, Petitioner relies on the alleged unreliability of evidence presented at trial by a government informant. (Pet. 12, 14-15.) However, even if it were assumed for the sake of argument that Petitioner raised an

issue concerning the adequacy of the evidence at trial to support his convictions, Petitioner has nevertheless failed to meet his burden to show that he lacked an unobstructed procedural shot at presenting his claim.  Petitioner does not allege that he has filed a previous motion pursuant to § 2255 in the court where the conviction was suffered and the sentence imposed, or any other basis for a conclusion that the remedy pursuant to § 2255 is inadequate or ineffective.

Accordingly, the Court concludes that Petitioner has not demonstrated that § 2255 constitutes an inadequate or ineffective remedy for raising his claims.  Thus, Petitioner may not raise his claims in a proceeding pursuant to § 2241.  The petition should be dismissed for lack of jurisdiction.

V.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to a court of appeals from the final order in a proceeding under section 2255.  28 U.S.C. § 2253(c)(1)(B); Hohn v. United States, 524 U.S. 236, 239-40 (1998).  An appeal from a proceeding that is nominally undertaken pursuant to 28 U.S.C. § 2241, but which is really a successive application under § 2255, requires a certificate of appealability. Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001).  In an abundance of caution, the Court will consider whether a certificate of appealability should issue.

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state

court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a

8

different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right or of an erroneous procedural ruling.

　　　Accordingly, the Court should decline to issue a certificate of appealability.

### VI. Recommendations

　　　Accordingly, it is RECOMMENDED that:

　　　1)  The petition for writ of habeas corpus be DISMISSED for lack of subject matter jurisdiction; and

　　　2)  The Court DECLINE to issue a certificate of appealability; and

　　　3)  The Clerk be DIRECTED to close the action.

　　　These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to

///

///

Appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 20, 2012**                    /s/ **Barbara A. McAuliffe**
                                                               UNITED STATES MAGISTRATE JUDGE