UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO D. WOODLEY,<br><br>                 Petitioner,<br><br>   v.<br><br>HECTOR A. RIOS, JR.,<br><br>               Respondent.<br>_____ | ) 1:11-cv—02132-LJO-BAM-HC<br>)<br>) FINDINGS AND RECOMMENDATIONS TO<br>) DISMISS THE PETITION FOR WRIT OF<br>) HABEAS CORPUS BROUGHT PURSUANT TO<br>) 28 U.S.C. § 2241  (Doc. 1)<br>)<br>) FINDINGS AND RECOMMENDATIONS TO<br>) CLOSE THE CASE AND TO DECLINE TO<br>) ISSUE A CERTIFICATE OF<br>) APPEALABILITY<br>)<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis in a habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on December 27, 2011.

    I.   Screening the Petition

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.

1  <u>Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d
2  1484, 1499 (9th Cir. 1997).

3      The Rules Governing Section 2254 Cases in the United States
4  District Courts (Habeas Rules) are appropriately applied to
5  proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule
6  1(b).  Habeas Rule 4 requires the Court to make a preliminary
7  review of each petition for writ of habeas corpus.  The Court
8  must summarily dismiss a petition "[i]f it plainly appears from
9  the petition and any attached exhibits that the petitioner is not
10 entitled to relief in the district court...."  Habeas Rule 4;
11 <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> also
12 <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule
13 2(c) requires that a petition 1) specify all grounds of relief
14 available to the Petitioner; 2) state the facts supporting each
15 ground; and 3) state the relief requested.  Notice pleading is
16 not sufficient; rather, the petition must state facts that point
17 to a real possibility of constitutional error.  Rule 4, Advisory
18 Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at
19 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977)).
20 Allegations in a petition that are vague, conclusory, or palpably
21 incredible are subject to summary dismissal.  <u>Hendricks v.</u>
22 <u>Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

23     Further, the Court may dismiss a petition for writ of habeas
24 corpus either on its own motion under Habeas Rule 4, pursuant to
25 the respondent's motion to dismiss, or after an answer to the
26 petition has been filed.  Advisory Committee Notes to Habeas Rule
27 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43
28 (9th Cir. 2001).

II.  Background

Here, Petitioner alleges that he is an inmate of the United States Penitentiary at Atwater (USPA) serving a sentence of 210 months imposed in January 2011 in the United States District Court in Savannah, Georgia, pursuant to Petitioner's convictions of conspiracy to possess a controlled substance with intent to distribute and of unlawful use of a communication facility. (Pet. 1-2.)

Petitioner challenges his conviction on the ground that he suffered a violation of his rights to a speedy trial under the Constitution and federal statutory law.

Petitioner states that he raised his claims in a previous petition brought pursuant to 28 U.S.C. § 2241.[1]

III.  Legal Standards

A federal prisoner who wishes to challenge his conviction or sentence on the grounds it was imposed in violation of the Constitution or laws of the United States or was otherwise subject to collateral attack must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  28 U.S.C. § 2255; Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  In such cases, the motion must be filed in the district where the defendant was sentenced because only the sentencing

---

[1] The Court takes judicial notice of  its docket, which reflects that Petitioner filed a petition pursuant to § 2241 that was dismissed for lack of jurisdiction on October 11, 2011, in Antonio D. Woodley v. Hector A. Rios, case number 1:11-cv-01336-LJO-SMS-HC; further, a notice of appeal was filed. The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

1  court has jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 864

2  (9th Cir. 2000); Tripati, 843 F.2d at 1163.  Generally, a

3  prisoner may not collaterally attack a federal conviction or

4  sentence by way of a petition for a writ of habeas corpus

5  pursuant to 28 U.S.C. § 2241.  Stephens v. Herrera, 464 F.3d 895,

6  897 (9th Cir. 2006);  Tripati, 843 F.2d at 1162.

7       In contrast, a federal prisoner challenging the manner,

8  location, or conditions of that sentence's execution must bring a

9  petition for writ of habeas corpus under 28 U.S.C. § 2241.  Brown

10 v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

11      A federal prisoner authorized to seek relief under § 2255

12 may seek relief under § 2241 only if he can show that the remedy

13 available under § 2255 is "inadequate or ineffective to test the

14 legality of his detention."  United States v. Pirro, 104 F.3d

15 297, 299 (9th Cir. 1997) (quoting § 2255).  Although there is

16 little guidance on when § 2255 is an inadequate or ineffective

17 remedy, in the Ninth Circuit it is recognized that the exception

18 is narrow.  Id; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.

19 1999) (dismissal of a successive motion pursuant to

20 § 2255 did not render such motion procedure an ineffective or

21 inadequate remedy so as to authorize a federal prisoner to seek

22 habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (denial of a

23 prior § 2255 motion is insufficient to render § 2255 inadequate);

24 Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (noting that a

25 petitioner's fears of bias or unequal treatment do not render a

26 § 2255 petition inadequate); see, United States v. Valdez-

27 Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements

28 of § 2255 may not be circumvented by filing a petition for writ

4

of audita querela pursuant to the All Writs Act, 28 U.S.C.

§ 1651).  The burden is on the petitioner to show that the remedy

under § 2255 is inadequate or ineffective.  <u>Redfield v. United</u>

<u>States</u>, 315 F.2d 76, 83 (9th Cir. 1963).  If a petitioner

proceeding pursuant to § 2241 fails to meet his burden to

demonstrate that the § 2255 remedy is inadequate or ineffective,

then the § 2241 petition will be dismissed for lack of

jurisdiction.  <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1061 (9th Cir.

2003).

Although authority in this circuit is limited, it is

recognized that the § 2255 remedy is inadequate and ineffective,

and thus a petition pursuant to § 2241 is available, when the

petitioner 1) claims to be factually innocent of the crime for

which he has been convicted, and 2) has never had an

"unobstructed procedural shot" at presenting the claim.  <u>Harrison</u>

<u>v. Ollison</u>, 519 F.3d 952, 959 (9th Cir. 2008); <u>Stephens v.</u>

<u>Herrera</u>, 464 F.3d 895, 898 (9th Cir. 2006).  To determine whether

a petitioner had an unobstructed procedural shot at presenting

his claim, a court considers whether the petitioner's claim did

not become available until after a federal court decision by

considering in turn whether 1) the legal basis for the

petitioner's claim did not arise until after he had exhausted his

direct appeal and first § 2255 motion, and 2) the law changed in

any way relevant to the claim after the first § 2255 motion.

<u>Harrison v. Ollison</u>, 519 F.3d at 960.  In this circuit, a claim

of actual innocence for purposes of the "escape hatch" of § 2255

is assessed by the test stated in <u>Bousley v. United States</u>, 523

U.S. 614, 623 (1998), which in turn requires that the petitioner

1    demonstrate that in light of all the evidence, it is more likely
2    than not that no reasonable juror would have convicted him.
3    Stephens, 464 F.3d at 898.

4        IV.    Analysis

5        In this case, Petitioner challenges the judgment of
6    conviction.  Because Petitioner is alleging errors in his
7    conviction, and not errors in the administration of his sentence,
8    the Court concludes that Petitioner is not entitled to relief
9    under § 2241.

10       Petitioner argues that § 2255 is inadequate and ineffective
11   because 1) Petitioner suffered egregious violations of his
12   constitutional rights, and 2) Petitioner is actually innocent of
13   the crimes of which he was convicted.  (Pet. 7-8.)  Petitioner
14   alleges that he is filing for relief pursuant to § 2241 instead
15   of § 2255 because the purpose of a proceeding pursuant to § 2241
16   is to test the legality of the restraint of his liberty.  (Id. at
17   9.)

18       Although relief under § 2241 may be warranted where a
19   petitioner has suffered a violation of his constitutional rights,
20   the Court is unaware of any authority that would hold that the
21   mere presence of a constitutional violation is a basis for a
22   finding that the remedy pursuant to § 2255 is inadequate or
23   ineffective.

24       Insofar as Petitioner argues that he is actually innocent of
25   the crimes of which he was convicted, Petitioner relies on the
26   alleged unreliability of evidence presented at trial by a
27   government informant.  (Pet. 12, 14-15.)  However, even if it
28   were assumed for the sake of argument that Petitioner raised an

issue concerning the adequacy of the evidence at trial to support

his convictions, Petitioner has nevertheless failed to meet his

burden to show that he lacked an unobstructed procedural shot at

presenting his claim.  Petitioner does not allege that he has

filed a previous motion pursuant to § 2255 in the court where the

conviction was suffered and the sentence imposed, or any other

basis for a conclusion that the remedy pursuant to § 2255 is

inadequate or ineffective.

Accordingly, the Court concludes that Petitioner has not

demonstrated that § 2255 constitutes an inadequate or ineffective

remedy for raising his claims.  Thus, Petitioner may not raise

his claims in a proceeding pursuant to § 2241.  The petition

should be dismissed for lack of jurisdiction.

V.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of

appealability, an appeal may not be taken to a court of appeals

from the final order in a proceeding under section 2255.  28

U.S.C. § 2253(c)(1)(B); Hohn v. United States, 524 U.S. 236, 239-

40 (1998).  An appeal from a proceeding that is nominally

undertaken pursuant to 28 U.S.C. § 2241, but which is really a

successive application under § 2255, requires a certificate of

appealability.  Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir.

2001).  In an abundance of caution, the Court will consider

whether a certificate of appealability should issue.

Unless a circuit justice or judge issues a certificate of

appealability, an appeal may not be taken to the Court of Appeals

from the final order in a habeas proceeding in which the

detention complained of arises out of process issued by a state

7

court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

U.S. 322, 336 (2003).  A certificate of appealability may issue

only if the applicant makes a substantial showing of the denial

of a constitutional right.  § 2253(c)(2).  Under this standard, a

petitioner must show that reasonable jurists could debate whether

the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement

to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

(quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

certificate should issue if the Petitioner shows that jurists of

reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district

court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,

529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of

the claims in the habeas petition, generally assesses their

merits, and determines whether the resolution was debatable among

jurists of reason or wrong.  <u>Id.</u>  It is necessary for an

applicant to show more than an absence of frivolity or the

existence of mere good faith; however, it is not necessary for an

applicant to show that the appeal will succeed.  <u>Miller-El v.</u>

<u>Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of

appealability when it enters a final order adverse to the

applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could

debate whether the petition should have been resolved in a

different manner.  Petitioner has not made a substantial showing

of the denial of a constitutional right or of an erroneous

procedural ruling.

Accordingly, the Court should decline to issue a certificate

of appealability.

VI.  <u>Recommendations</u>

Accordingly, it is RECOMMENDED that:

1)  The petition for writ of habeas corpus be DISMISSED for

lack of subject matter jurisdiction; and

2)  The Court DECLINE to issue a certificate of

appealability; and

3)  The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the

United States District Court Judge assigned to the case, pursuant

to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

the Local Rules of Practice for the United States District Court,

Eastern District of California.  Within thirty (30) days after

being served with a copy, any party may file written objections

with the Court and serve a copy on all parties.  Such a document

should be captioned "Objections to Magistrate Judge's Findings

and Recommendations."  Replies to the objections shall be served

and filed within fourteen (14) days (plus three (3) days if

served by mail) after service of the objections.  The Court will

then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

636 (b)(1)(C).  The parties are advised that failure to file

objections within the specified time may waive the right to

///

///

1   Appeal the District Court's order.   Martinez v. Ylst, 951 F.2d

2   1153 (9th Cir. 1991).

3       IT IS SO ORDERED.

4   Dated:   **January 20, 2012**            **/s/ Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28